UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MEDMARC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COLQUITT & ABBATANGELO, LTD., a Nevada limited liability company; RONALD COLQUITT, an individual; ANTHONY ABBATANGELO, an individual; ROBERT T. BARRA, an individual; DONAL GIEBLER, an individual; ABD HOLDINGS, INC., a Nevada corporation,<br><br>Defendants.<br><br>AND RELATED CLAIMS. | Case No. 2:21-cv-01934-RFB-EJY<br><br>**ORDER** |

Pending before the Court are two motions filed by Plaintiff/Counter-Defendant Medmarc Casualty Insurance Company ("Medmarc") including the Motion to Extend Deadline to Effectuate Service Upon Defendants ABD Holdings, Inc., Robert T. Barra, and Donald Giebler and the Motion to Permit Service Upon Defendant ABD Holdings, Inc. through the Nevada Secretary of State. ECF Nos. 20, 21. Although effecting service on Ronald Colquitt, Anthony Abbatangelo, and Colquitt & Abbatangelo, Ltd., Medmarc has been unable to serve ABD, Robert Barra, and Donald Giebler.

Medmarc explains in its Motions that ABD is a revoked Nevada corporation, and its resident agent has resigned. ECF No. 20 at 3. Service was attempted at ABD's last known address, but this was unsuccessful. *Id*. The business addresses for Barra and Giebler were the same at the last known address for ABD and, thus, service on these individuals has also been unsuccessful. *Id*. A residential address for Giebler proved no good, and Barra sold his residential property in Las Vegas. *Id.* Medmarc also twice contacted counsel representing Barra, Giebler, and ABD in a state court matter asking if he would accept service on behalf of these Defendants, but Medmarc has received no response. *Id*. at 3-4.

1

Rule 4(m) of the Federal Rules of Civil Procedure require service on a defendant no later than 90 days after a complaint is filed. If service is not accomplished within this 90 day window, the Court may extend service upon a showing of good cause. Generally, good cause is demonstrated "where a plaintiff has shown diligent efforts to effect service." *Mitchell v. City of Henderson*, Case No. 2:13-cv-01154-APG-CWH, 2015 WL 427835, at *7 (D. Nev. Feb. 2, 2015). Courts enjoy substantial discretion to enlarge the time for service "even if there is no good cause shown." *Henderson v. U.S.*, 517 U.S. 654, 662 (1996) (internal citation and quotation marks omitted). Here, Medmarc provides the Court with evidence demonstrating it has diligently attempted to serve each of the presently unserved Defendants. Thus, an extension of the time within which to serve is granted.

With respect to the request to serve ABD through the Nevada Secretary of State, Medmarc relies on Fed. R. Civ. P. 4(e)(1), NRS 14.030, and Nev. R. Civ. P. 4.3. In relevant part, Rule 4(e)(1) provides that service on a corporation shall be made in accordance with the laws of the state in which the federal court is located. The corporate officers (Barra and Giebler) have not been located and service through a resident agent is impossible as there is none in this case. Under these circumstances, NRS 14.030 allows for service of a corporation by delivering a copy of the summons and complaint to the Nevada Secretary of State or his/her deputy.

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant Medmarc Casualty Insurance Company's Motion to Extend Deadline to Effectuate Service upon Defendants ABD Holdings, Inc., Robert T. Barra, and Donald Giebler (ECF No. 20) and the Motion to Permit Service Upon Defendant ABD Holdings, Inc. through the Nevada Secretary of State (ECF No. 21) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff/Counter-Defendant Medmarc Casulaty Insurance Company shall have through and including March 18, 2022 to effect service on Robert Barra and Donald Giebler.

IT IS FURTHER ORDERED that Plaintiff/Counter-Defendant Medmarc Casualty Insurance Company shall have through and including March 18, 2022 to effect service on ABD Holdings, Inc. through the Nevada Secretary of State.

Dated this 19th day of January, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE